IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT A. HOREL, et al.,<br><br>    Defendants. | No. C 07-4924 MJJ (PR)<br><br>**ORDER OF DISMISSAL**<br><br>**(Docket No. 2)** |

    Plaintiff, a California prisoner at Pelican Bay State Prison, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He has applied for leave to proceed in forma pauperis.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

G:\PRO-SE\MJJ\CR.07\harris.dsm.wpd

committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges a new television was mailed to him in 2006, and prior to delivering it to him, PBSP officials engraved it with his name and prisoner number without first obtaining his consent. According to plaintiff, the failure to obtain his consent prior to taking this action violated prison policy. After plaintiff refused to accept the television, PBSP officials destroyed it. Plaintiff seeks money damages for the destruction of his television in violation of prison policy.

The federal right to due process ordinarily requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). Neither the negligent nor intentional deprivation of property states a due process claim under § 1983, however, if the deprivation was random and unauthorized. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (finding no claim where state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (finding no claim based on intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986). California law provides such adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Here, as noted, plaintiff alleges that officials violated prison policy when they failed to obtain his consent prior to engraving the television and subsequently destroyed it. As the alleged destruction of plaintiff's property was unauthorized, it does not implicate his right to due process. Although plaintiff may bring a tort claim in state court for the destruction of his personal property, such a claim does not state a cognizable claim for relief under federal law.

## CONCLUSION

For the reasons stated, plaintiff's claims are DISMISSED for failure to state a cognizable claim for relief. In light of this dismissal, the application to proceed in forma pauperis is DENIED.

The Clerk shall close the file.

This order terminates Docket No. 2.

IT IS SO ORDERED.

DATED: 10/12/2007

MARTIN J. JENKINS
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EARNEST S. HARRIS,

        Plaintiff,

v.

ROBERT A. HOREL et al,

        Defendant.
                                    /

Case Number: CV07-04924 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 16, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Earnest S. Harris Prisoner Id H-63617
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531

Dated: October 16, 2007

*Lashanda Scott*
Richard W. Wieking, Clerk
By: Lashanda Scott, Deputy Clerk